FRANÇOIS LABROUCHE DUSSIN v. VALERIEN ALLAIN, Sheriff.

Where a plaintiff, after judgment against the debtor, sues to recover a sum of money deposited as a pledge in the hands of the sheriff, by the latter, who had been arrested, he must show the forfeiture of the pledge, by the departure of his debtor out of the State within the period during which he was bound to remain in it; for at the end of that time, the debtor had a right to resume the pledge.

In an action against a sheriff for taking an insufficient pledge for the appearance of a debtor who had been arrested, he will be protected by showing that the pledge was not forfeited.

Defendant, arrested at the suit of plaintiff, deposited an amount of bank notes in the hands of the sheriff as a pledge for his appearance, and plaintiff, after judgment obtained, levied a *fi. fa.* on the notes, and requested the sheriff to sell them, which the latter refused to do. *Held*, that his refusal rendered him liable to the plaintiff for the value of the notes.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

MARTIN, J. The defendant having in his hands as sheriff, an order to arrest a debtor of the plaintiff's, returned thereon, that he had done so, but discharged him on the receipt of three hundred and fifty dollars as security. After this, the plaintiff obtained judgment for three hundred dollars with interest and costs, and execution being issued thereon, the defendant returned, that he had received theretofore, three hundred and fifty dollars in notes of the New Orleans Improvement and Banking Company, as security from the plaintiff's debtor, which he forebore to sell on the plaintiff's refusal to receive them at par.

The present suit is brought to recover damages from the sheriff. He pleaded the general issue, and denied that the plaintiff had sustained any injury.

It appears that the plaintiff endeavored to obtain relief by a rule against the defendant, and did so successfully in the Parish Court; but the judgment was reversed, on the ground that he ought to have proceeded by petition.

The plaintiff had judgment; the Parish Court being of opinion that, if the defendant had received money, he ought to pay the plaintiff; and that if he had received bank notes, he was bound to sell them, at the request of the plaintiff.

The defendant appealed.

One of the principal grounds of complaint in the petition, is, that the defendant did not take sufficient security from the plaintiff's debtor. In complaining of this, the plaintiff admits the second return as the ground of his action, depreciated bank paper having been received as security. If the action was grounded on his having received, according to the first return, a larger sum in cash than was due to the plaintiff, there could be no complaint of an insufficient pledge; but the plaintiff ought to have shown the forfeiture of the pledge by the departure out of the State of his debtor, within the period he was bound to re-

main, for, at the end of that period, he had a right to resume the pledge he had deposited with the sheriff. We must then conclude that the complaint is, that an insufficient pledge was taken; in that case the sheriff would be protected by showing that there was no forfeiture of the pledge; and the plaintiff could not, by placing his execution in the sheriff's hands, acquire any lien on any property of his debtor, except that which was actually in the hands of the sheriff. This, the sheriff offered to surrender. He ought to have sold it; and his refusal to do so, entitled the plaintiff to recover the value of the notes from him.

Judgment was, in our opinion, incorrectly given for an amount which, it is not shown, would have been produced by the sale of the notes.

It is, therefore, ordered, that the judgment be annulled and reversed, and the case remanded for a new trial; the plaintiff and appellee paying the costs of the appeal.

*Rousseau* and *Lambert*, for the plaintiff.

*Bodin*, for the appellant.